UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYNTHIA HENDRICKS MILLER, *pro se*,

       Plaintiff,

v

DONALD WILLIAMSON, *et al*,

       Defendants.

                                      /

Case No. 07-14599

HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

VIRGINIA M. MORGAN
MAGISTRATE JUDGE

## ORDER DENYING PLAINTIFF'S MOTION
## FOR RECONSIDERATION [DE 7]

This matter comes before the Court on the Plaintiff's Motion for Reconsideration [DE 7] of the Court's Order [DE 6] dismissing the case. Such motions are reviewed pursuant to Local Rule 7.1(g), which requires a movant to identify a palpable defect, and demonstrate that a different disposition would result from its correction. *Id.* 7.1(g)(3). No such defect as been identified.

In addition, despite the liberal construction afforded a *pro se* party's pleadings, *see Franklin v. Rose*, 765 F.2d 82, 84 (6th Cir.1985) (*per curiam*), 28 U.S.C.A § 1915(e)(2) permits a court to screen and when appropriate, dismiss complaints brought *in forma pauperis*. The statute states that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." *Brown v. Bargery*, 207 F.3d 863, 866 n.2 (6th Cir. 2000) (quoting 28 U.S.C.A § 1915(e)(2)).

The standard is the same as that of Federal Rule of Civil Procedure 12(b)(6):

> Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief .

*Thomas v. Eby* 481 F.3d 434, 437 (6th Cir. 2007) (citing *Brown*, 207 F.3d at 867).

A court must "construe the complaint in the light most favorable to the plaintiff [and] accept all well-pleaded factual allegations as true." *Id*. (citing *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir.2003)). However,

> [a] "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.

*Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir.2005)).  Put another way, "[f]actual allegations must be enough to raise a right to relief above the speculative level. . ." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (citation omitted).  As the Tenth Circuit has explained, also in the *pro se* context,

> The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based.  Not every fact must be described in specific detail . . . .  Nevertheless, conclusory allegations *without supporting factual averments* are insufficient to state a claim on which relief can be based.

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted) (emphasis added).

Here, Plaintiff's Complaint and subsequent pleadings contain only conclusory allegations of due process violations, without any factual support.  Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration is DENIED.

SO ORDERED.


S/ARTHUR J. TARNOW  
Arthur J. Tarnow  
United States District Judge

Dated:  July 2, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 2, 2008, by electronic and/or ordinary mail.

S/THERESA E. TAYLOR  
Case Manager